UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GG HOMES, INC., a California corporation, and PAUL GREEN, an individual,<br><br>　　　　　　　　　　　Defendant. | Case No.:  20cv1913-JAH<br><br>**ORDER:**<br>**(1) GRANTING IN PART DEFENDANTS' MOTION TO STRIKE; AND**<br>**(2) DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br>**[Doc. No. 38]** |

　　　　Defendants filed a Motion to Dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Doc. No. 32.  Plaintiff filed a response and opposition to the motion.  *See* Doc. No. 35.  Defendants now move to Strike Plaintiff's response and opposition to its Motion to Dismiss and for Sanctions.  *See* Doc. No. 38.

　　　　A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *See LeDuc v. Kentucky Central*

*Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); *See also Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

Having reviewed the Defendants' motion and Plaintiff's Response and Opposition to Defendants' Motion to Dismiss, this Court accepts the following arguments, along with any attachments relating thereto, in Plaintiff's Response and Opposition as objections: paragraphs 2-23, 26, 28-29, and 46-47. Having considered these objections, within the context of Defendants' Motion to Dismiss and the entire record in this case, the Court finds the objections are **OVERRULED** and **STRICKEN** from the pleading. The Court also strikes Plaintiff's reference to defense counsel in the heading of its pleading.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Strike is **GRANTED IN PART**. The motion is granted as to paragraphs 2-23, 26, 28-29, and 46-47, along with any attachments relating thereto, and as to Plaintiff's reference to defense counsel in the heading of her Response and Opposition to Defendants' Motion to Dismiss. Defendants' Motion for Sanctions is **DENIED**.

2. Plaintiff shall file an amended response and opposition to the motion to dismiss, in a manner consistent with this Order, no later than five court days from the filing of this order.

///
///
///
///
///
///
///
///
///

3. **ALL PARTIES ARE ADMONISHED** that personal attacks by any party against another—moving forward—will not be tolerated by this Court and may result in sanctions provided by law.  The arguments that will inform the outcome of any motion, including Defendants' Motion to Dismiss, will be based upon the facts and the applicable law.

4. This Court will take the Motion to Dismiss under submission without oral argument and will decide the matter in due course.

**IT IS SO ORDERED.**

DATED:   February 4, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE