UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>GG HOMES, INC., a California Corporation; and PAUL GREEN, an individual,<br><br>                                    Defendant. | Case No.:  20cv1913-JAH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br>**[Doc. No. 9]** |

    Pending before the Court is Plaintiff Collette Stark's ("Plaintiff") Motion for Sanctions pursuant to 28 U.S.C. § 1927 against Defendants GG Homes, Inc. and Paul Green ("Defendants") and Motion to Strike Defendants' initial motion for extension of time to file an answer [Doc. No. 3].  *See* Doc. No. 9.

    28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions under § 1927 must be supported by a finding of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad

faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. The bad faith requirement sets a high threshold. *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). Sanctions under § 1927 are also available for "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Based on Plaintiff's motion and all papers filed in connection therewith, the Court can make no such finding of bad faith actions by the Defendants to merit the imposition of sanctions against Defendants. Before petitioning the Court, Defendants first asked for Plaintiff's agreement to extend the deadline to respond to Plaintiff's complaint "in order to explore early resolution." *See* Doc. No. 3-4. Taken objectively, such a request does not unreasonably or vexatiously multiply the proceedings. Therefore, the Court finds no basis to sanction Defendants under 28 U.S.C. § 1927.

Additionally, Defendants properly moved for extension of time to file pursuant to Fed. R. Civ. P. Rule 6 and CivLR 12.1, and this Court granted Defendants' motion. *See* Doc. Nos. 3, 8. Plaintiff offers no authority to support her contention that Defendants' motion for extension of time should be considered Defendants' initial pleading and Answer.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Sanctions is **DENIED**; and
2. Plaintiff's Motion to Strike Defendants' initial pleading is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 4, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE