Collette Stark
2175 Cowley Way
San Diego, CA 92110
(619) 347-2607
videosolutions@me.com

Plaintiff in *Pro Per*

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark, an individual, | Case No. 3: 20-cv-01913-JAH-MSB |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| GG Homes, Inc, a California corporation; | |
| | *[The Honorable District Judge John A. Houston]* |
| Et al. | |
| Defendants. | |

May it please the Court, Plaintiff Collette Stark hereby respectfully request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents:

**EXHIBIT A:** *Kimberly Gross vs. GG Homes Inc.*, case number 21-cv-00271-DMS-BGS, ECF 12. ANSWER to Amended Complaint and Affirmative Defenses by GG Homes, Inc. Filed on July 22, 2021.

Judicial notice is proper because the documents for which this Request is made are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles,* 250 F.3d 668, 689-90 (9th Cir. 2001) (taking judicial notice of a state court's records); *Brooks v. Alameda,* 446 F.Supp.2d 1179, 1182 (S.D. Cal. 2006) (taking judicial notice of court file, including any orders by the court, in earlier related action).

Judicially noticed facts often consist of matters of public record, such as prior court proceedings. The Court may take judicial notice of matters of the public record including pleadings, decisions, orders and other documents filed in another court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of court filings and other matters of public record); *see also Kurtcu v. U.S. Parking, Inc.,* No. 08-2113. Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

In the Ninth Circuit, district courts may even take judicial notice of documents that the pleadings don't mention, provided the documents are integral to the plaintiff claim. *See, e.g., Parring v. FHP, Inc.,* 146 F.3d 699 (1998).

Dated: July 26, 2021

                                               Collette Stark
                                               /S/ *Collette Stark*
                                               Collette Stark, Plaintiff
                                               Plaintiff in *Pro per*

# PROOF OF SERVICE

I, Collette Stark, am over 18, a pro per plaintiff in this matter and not an authorized CM/ECF user. I have filed this request for judicial notice and had it served on Defendants as follows:

20-cv-01913-JAH-MSB **Notice has been electronically mailed to:**

I have also mailed by US Mail, postage pre-paid, first class to:

Aaron Paul Heeringa
Manatt, Phelps & Phillips, LLP
151 N. Franklin Street
Suite 2600
Chicago, IL 60606

GG Homes, Inc.
Uzzell S Branson
5440 Morehouse Drive, Suite 3700
San Diego, CA 92121

Kristin Emily Haule
Manatt, Phelps & Phillips
Litigation
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Email: khaule@manatt.com

I swear under penalty of perjury that the above was served as stated

Dated: July 26, 2021

/S/ *Collette Stark*
Collette Stark

Case 3:20-cv-01913-JAH-MSB   Document 81   Filed 07/26/21   PageID.908   Page 5 of 7

# Exhibit A

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE - 5

20CV1913

MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (Bar No. CA 226388)
E-mail: CReilly@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
Email: KHaule@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:    310.312.4000
Facsimile:    310.312.4224

*Attorneys for Defendant*
*GG HOMES, INC.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly Gross,<br><br>    Plaintiff,<br><br>v.<br><br>GG Homes, Inc.,<br><br>    Defendant. | No. 3:21-cv-00271-DMS-BGS<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[JURY TRIAL DEMANDED]<br><br>Judge: Hon. Dana M. Sabraw |

Defendant GG Homes, Inc. ("Defendant"), by and through its undersigned counsel and in accordance with Fed. R. Civ. P. 12(a)(4)(A) and this Court's partial dismissal order of July 8, 2021 (the "Order"),[1] hereby respectfully submits this Answer and Affirmative Defenses to the First Amended Complaint (*see* ECF No. 4, "FAC") filed by Plaintiff Kimberly Gross ("Plaintiff") in the above-captioned matter ("Action"), and pleads, answers and responds as follows:

### I. INTRODUCTION

1.    The allegations in Paragraph 1 of the FAC, in whole or in part, do not appear to reflect factual allegations against Defendant, reflect legal argument unrelated to Plaintiff's claims against Defendant in this Action, reflect legal conclusions, refer to a case which has since been dismissed,

---

[1] The Order dismissed Counts III and IV of the FAC, which related to Plaintiff's alleged "Do Not Call" claims, with prejudice and thus Defendant does not respond to those claims herein. Defendant makes this filing to comply with its responsive pleading deadline under Fed. R. Civ. P. 12(a)(4)(A), and without prejudice to Defendant's right to move for reconsideration of the Order with respect to the Counts I and II of the FAC, which Defendant respectfully intends to do and will do so in due course within 28 days of the Order, in accordance with Civil Local Rule 7.1(i) and Fed. R. Civ. P. 59 and 60. All other rights and privileges are not waived by Defendant and are expressly reserved.

and/or are procedurally improper and, therefore, no response is required. To the extent a response is deemed required, Defendant denies all of the allegations in Paragraph 1 of the FAC.

2. The allegations in Paragraph 2 of the FAC, in whole or in part, do not appear to reflect factual allegations against Defendant, reflect legal argument unrelated to Plaintiff's claims against Defendant in this Action, reflect legal conclusions, and/or are procedurally improper and, therefore, no response is required. To the extent a response is deemed required, Defendant denies all of the allegations in Paragraph 2 of the FAC.

3. The allegations in Paragraph 3 of the FAC, in part, do not appear to reflect factual allegations against Defendant, reflect improper and inaccurate allegations against Defendant's counsel, reflect legal argument unrelated to Plaintiff's claims against Defendant in this Action, reflect legal conclusions, and/or are procedurally improper and, therefore, no response to those allegations is required. To the extent a response to those allegations is deemed required, Defendant denies those allegations. Defendant denies all remaining allegations in Paragraph 3 of the FAC.

4. The allegations in Paragraph 4 of the FAC, in whole or in part, do not appear to reflect allegations of fact against Defendant, are unrelated to Plaintiff's claims against Defendant in this Action, and/or reflect legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that it has been a party to six (6) other lawsuits involving purported claims brought under the Telephone Consumer Protection Act ("TCPA"), but denies that those claims were valid (and, in that regard avers, upon information and belief, that at least four of those lawsuits were fabricated and are the product of fraud by the plaintiffs involved therein and at least one third party), denies that Defendant acted unlawfully in any way, and denies that those claims have any relevance to or bearing on Plaintiff's claims in this case or her entitlement to any damages, and further avers that none of those other lawsuits were adjudicated on the merits against Defendant and one was adjudicated on the merits in Defendant's favor. Defendant denies any and all remaining allegations in Paragraph 4 of the FAC.

5. The allegations in Paragraph 5 of the FAC, in whole or in part, do not appear to reflect factual allegations against Defendant, and reflect legal conclusions and recitations to legal authority, as to which no response is required. To the extent a response is deemed required, Defendant admits

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT